## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERMAN THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 23-2134 |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| WARDEN OF ALLEGHENY COUNTY | ) | Re: ECF No. 14 |
| JAIL and DISTRICT ATTORNEY OF | ) | |
| ALLEGHENY COUNTY, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Pending before the Court[1] is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (the "Petition") filed by Sherman Thomas ("Petitioner"). ECF No. 14. For the reasons that follow, the Petition will be denied as moot and a certificate of appealability will be denied.

In the Petition, Petitioner seeks relief from his detention related to probation violation charges. It appearing that Petitioner had been released from that custody, this Court issued an Order to Show Cause to Petitioner to show good cause why this case should not be dismissed as moot. ECF No. 28 (citing DeFoy v. McCullough, 393 F.3d 439, 442 n.3 (3d Cir. 2005) (it is a habeas petitioner's burden to demonstrate that his case is not moot once he has been released from the custody where he is merely challenging the custody); Bohannon v. Capozza, Civ. A. 18-1238, 2019 WL 367037, at *3 (W.D. Pa. Jan. 30, 2019) ("As nothing in Petitioner's Response to the Order to Show Cause carries his burden to establish that the Petition, challenging the detainer and detention pursuant thereto, is not now moot, the Petition should be dismissed as moot."); and Buck

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 5, 19.

1

v. Pugh, Civ. A. 12-1669, 2013 WL 3972654, at *2 (W.D. Pa. July 30, 2013) ("because Petitioner has been released from the custody of the Bureau of Prisons ('BOP') and because we do not presume collateral consequences, and because Petitioner has not carried his burden to avoid a finding of mootness by him showing a continuing injury, which is attributable to the loss of GCT credits, the Petition should be dismissed as moot.")).

Petitioner was ordered to respond by November 1, 2024. Id.  On January 8, 2025, Petitioner filed an untimely response, requesting that the Court not dismiss the Petition as moot without any explanation as to why it should not. ECF No. 29. This Court then ordered the parties to submit supplemental briefs by February 5, 2025, explaining whether Petitioner's then-current incarceration was related to the alleged constitutional violation asserted in the Petition. ECF No. 30.

On January 29, 2025, Respondents filed a supplemental brief. ECF No. 31. Therein, Respondents asserted that Petitioner had been released from custody on the relevant probation violation proceedings on March 22, 2024. Id. at 4. Respondents provided a probation violation report in support of their assertion. ECF No. 31-5. Respondents further asserted that Petitioner's then-current incarceration stemmed from new charges. Id. at 5. Petitioner did not provide a supplemental brief.

Because the undisputed record before this Court reveals that Petitioner is no longer in custody on the probation violation proceedings which are the subject of his Petition, the Petition should be denied as moot.

2

In addition, Petitioner is not entitled to a certificate of appealability because jurists of reason would not find it debatable that his claims should be dismissed as moot. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

An appropriate Order follows.

Dated: June 22, 2026

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc.    All counsel of record by Notice of Electronic Filing

Sherman Thomas
42664
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

3